UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESHAWN DAWSON, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILAR
SITUATED,

                        Plaintiffs,

      – against –

MARY-ANNE MARTIN FINE ART, LTD.,

                        Defendant.

**ORDER**

19 Civ. 583 (ER)

Ramos, D.J.:

      Plaintiff Deshawn Dawson, a visually impaired individual who uses screen-reading software to read website content, brings this action against Defendant Mary-Anne Martin Fine Art, Ltd., alleging that its website is not accessible to visually impaired people in violation of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), New York State Civil Rights Law ("NYSCRL"), and New York City Human Rights Law ("NYCHRL"). Doc. 1. Pending before the Court is the parties' first application for approval of a proposed consent decree resolving this matter. Doc. 10.

      The proposed consent decree provides that Defendant "shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth" in the decree. Doc. 10 ¶ 13. To that extent, it requires that within eighteen months of the Court's approval of the decree, Defendant must ensure that its websites "substantially conform to the Web Content Accessibility Guidelines 2.0 Level A and AA

Success Criteria" ("WCAG 2.0 AA") such that the websites will be accessible to persons with disabilities. *Id.* ¶ 14. The proposed consent decree does not require Defendant to make third party content and plug-ins compliant with WCAG 2.0 AA. *Id.* Additionally, the proposed consent decree sets out a procedure in the event the parties have a dispute about whether Defendant is in compliance with the terms of the consent decree, including whether Defendant is able to comply with a WCAG 2.0 AA criteria item. *Id.* ¶ 16. The procedure provides that a party must give notice to the other party in the event of the dispute and first attempt to resolve the dispute informally. *Id.* ¶¶ 17–18. If the parties are unable to resolve the dispute using informal means, they may then select a panel of experts, who then select an independent accessibility consultant with experience in website design to evaluate whether an accessibility problem with the website exists. *Id.* ¶ 19. The terms of the proposed consent decree shall remain for 24 months from the date the decree is approved by the Court, or the date, if any, that the Department of Justice adopts proposed regulations for websites under Title III of the ADA, whichever is earlier. *Id.* ¶ 12.

    **THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, **FINDS AS FOLLOWS:**

    1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

    2) The provisions of this Consent Decree shall be binding upon the Parties;

    3) Entry of this Consent Decree is in the public interest;

    4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA;

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint; and

7) This Consent Decree is fair, reasonable, and in the public interest.

The Clerk of Court is respectfully directed to close the case. SO ORDERED.

Dated: April 9, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.